UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Wix | Jay Ramsey |
| Daniel Tarpey | |

**Proceedings:**    ZOOM HEARING RE: DEFENDANTS' MOTION TO DISMISS (Dkt. 24, filed on December 20, 2024)

## I.  INTRODUCTION

On August 13, 2024, plaintiff Onni Capital, LLC ("Onni" or "plaintiff") filed a complaint in Los Angeles County Superior Court against defendants Nexstar Media Group, Inc. ("Nexstar"), CA-Lats South, LLC ("CA-Lats"), and Does 1-100. Dkt. 1 at 18. On September 20, 2024, defendants Nexstar and CA-Lats ("defendants") removed the action to this Court. Id. at 1. On November 21, 2024, plaintiff filed the operative first amended complaint. Dkt. 23 ("FAC"). Plaintiff asserts six claims: (1) recission of contract; (2) unjust enrichment; (3) breach of fiduciary duty; (4) negligent misrepresentation; (5) breach of contract; and (6) conversion. FAC ¶¶ 62-105.

On December 20, 2024, defendants filed a motion to dismiss the FAC. Dkt. 24 ("Mot."). On February 3, 2025, plaintiff filed an opposition. Dkt. 25 ("Opp."). On February 10, 2025, defendants filed a reply. Dkt. 26 ("Reply").

On February 24, 2025, the Court held a hearing. Defendants' motion to dismiss is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiff alleges the following facts in its FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

### A.    The Parties

Onni is a sophisticated real estate conglomerate.  FAC ¶ 1.  It is a Nevada limited liability company with its principal place of business in California.  Id. ¶ 5.  Its sole member is a Canadian corporation, with its principal place of business in Canada.  Id.

CA-Lats is a Delaware limited liability company with its principal place of business in California.  Id. ¶ 6.  Its sole member, Tribune Real Estate Holdings, LLC, is a Delaware limited liability company with its principal place of business in Texas.  Id.  The sole member of Tribune Real Estate Holdings, LLC is Tribune Media Company, Inc., which is incorporated in Delaware and has its principal place of business in Texas.  Id.  CA-Lats is the owner and seller of certain real property located at 200-210 South Broadway, 232-238 West 2nd Street, and 213 South Spring Street, Los Angeles, California 90012, which is part of a larger space commonly known as the "LA Times Campus," as it housed the former headquarters of the *Los Angeles Times*.  Id. ¶ 22.

Nexstar is a Delaware corporation with its principal place of business in Texas.  Id. ¶ 7.  It is a publicly-traded media conglomerate, earning more than $5 billion in annual revenue.  Id. ¶ 18.  The FAC refers to CA-Lats as Nexstar's "affiliated, special purpose entity," through which it purchased the LA Times Campus.  Id. ¶ 21.  The FAC does not state whether CA-Lats was created for the specific purpose of selling the LA Times Campus, or specify the exact relationship between CA-Lats and Nexstar.

### B.    Background to the Purchase

Onni's claims arise out of its attempt to purchase land at 222 West 2nd Street, Los Angeles California 90012 (the "Property"), which is a parcel of the LA Times Campus.  Id. ¶ 4.  Onni had previously purchased another portion of the LA Times Campus from Nexstar in 2016.  Id. ¶ 14.

In or around 2019, Nexstar, through CA-Lats, began offering to sell the Property and retained Eastdil Secured, LLC ("Eastdil") as its advisor.  Id. ¶ 24.  The Property consisted of land, buildings, easements, licenses, leases and contracts, and personal property and other intangibles, such as permits, surveys, and warranties given by contractors and suppliers.  Id. ¶ 23.  It was marketed by Nexstar as an "exceptional opportunity" to acquire the Property, with dual entitlements for a 55-story, 680 residential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

tower or a 534,044 square foot office tower for governmental use.  Id.  The project for redevelopment was conceived as "best-in-class" and promoted unmatched access to and use of public transit via the Regional Connector light-rail station.  Id.  The Property was directly across the street from a two-acre vacant lot at the corner of 1st Street and Broadway.  Id. ¶ 55.  In 2013, the City of Los Angeles (the "City") designated this lot as a green space to be redeveloped into a public park.  Id.  A public design contest created plans for landscaping, seating areas, and a restaurant in the park.  Id. ¶ 56.

### C.    Offering Memorandum

On or around December 30, 2019, Eastdil provided the Offering Memorandum for the Property to Onni, as CA-Lats' agent.  Id. ¶ 25.  The Offering Memorandum stated: "To accommodate future development on this site… an expert structural engineer coordinated loads for future development with the Metropolitan Transportation Authority ('MTA') for incorporation into MTA's design of their subsurface structures."  Id.  Further, it represented that MTA's entrance and structure was "designed to allow direct connection of future tower columns with structure several feet below the ground surface," and that "[t]he future loads coordinated with MTA were informed by concepts for a high-rise residential concrete tower with a podium."  Id.  The Offering Memorandum also represented that a general contractor had reviewed MTA's plans and advised the seller "on the constructability of the future tower as configured over the Metro station."  Id.

Onni was interested in purchasing the Property based on the potential for future redevelopment, as described in the Offering Memorandum, and particularly with respect to the representations regarding the entitlements and requirements of MTA.  Id. ¶ 26. Onni and defendants agreed and understood that this was Onni's main purpose in purchasing the Property.  Id. ¶ 27.  The appurtenant vacant lot, which was to be redeveloped into a park, was also a major factor in Onni's decision to buy the Property. Id. ¶ 57.  Nexstar was aware that the park was part of Onni's redevelopment plan.  Id.

### D.    The Agreement

On July 22, 2021, Onni and CA-Lats entered into an Agreement of Purchase and Sale for the purchase of the Property (the "Agreement").  Id. ¶ 28.  Nexstar guaranteed CA-Lats' performance of its obligations under the Agreement.  Id. ¶ 42.  The purchase price was $95 million for the "Assets," which included "[t]he Premises, Personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

Property, Leases and Intangibles." Dkt. 23-2 ("Ex. A") at 2. "Purchaser's Transactions Costs" are defined in the Agreement as: "the out-of-pocket costs and expenses that were incurred by Purchaser in connection with the transaction… in an amount not to exceed $250,000.00." Id. at 30. Section 7(a) of the Agreement states, in pertinent part:

(a) Representations and Warranties of Seller. Seller hereby makes the following representations and warranties to Purchaser as of the Effective Date and the Closing Date:

…

(xiii) Purchaser's Knowledge: Breach of Representation. If any of Seller's representations and warranties were untrue or incorrect in any material respect when made and Purchaser has actual knowledge of same as of or prior to the Closing Date (including as a result of any disclosures made by Seller to Purchaser in writing after the Effective Date), any disclosure made by any tenant in any Estoppel Certificate executed by such tenant or licensee and delivered to Purchaser after the Effective Date, and/or any information contained in the Premises Materials delivered to Purchaser after the Effective Date), then Purchaser, as its sole remedy, may either: (i) accept a qualification to Seller's representations and warranties as of the Closing to reflect such inaccuracies so known by Purchaser and complete the purchase and sale… or (ii) elect to terminate this Agreement by delivering written notice thereof to Seller on or before the Closing Date, in which event this Agreement shall become null and void and of no force or effect, and neither Seller nor Purchaser shall have any further liability or obligation to the other under this Agreement, except that (A) that Escrow Agent or Seller (as the case may be) shall promptly refund to Purchaser the amount of the Deposit, (B) Seller shall promptly pay to Purchaser all of Purchaser's Transaction Costs to Purchaser pursuant to Section 14(b) below, and (C) for those obligations expressly stated to survive the termination of this Agreement. Any such election shall be made by Purchaser not later than five (5) business days from Purchaser becoming aware of the material breach at issue. If Purchaser does not so elect to terminate this Agreement pursuant to this Section 7(a), then Purchaser shall be deemed to have elected to waive the foregoing right to terminate this Agreement pursuant to this Section 7(a), elected to acquire the Premises on the terms set forth in this Agreement, and waived all remedies at law or in equity with respect to any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

representations or warranties resulting from the facts or circumstances disclosed by Seller in its notice to Purchaser.

Id. at 13, 15. The Agreement required an initial deposit of $3 million to be held in escrow by the escrow agent, to be made within two business days after the "Effective Date." FAC ¶ 33. The Effective Date was defined as the last date on which both parties executed and received a fully executed duplicate original of the Agreement or, if executed in counterparts, the last date on which each party received a duplicate original counterpart of the Agreement executed by the other party. Id. Onni and CA-Lats entered into an agreement with the escrow agent, pursuant to which the deposit would be dispersed based on written instructions by CA-Lats and Onni. Id. ¶ 34. In July 2021, Onni made the $3 million initial deposit to the escrow agent. Id. ¶ 35. The Agreement further required an additional $7 million deposit to be paid within two business days after the expiration of the "Due Diligence Period," which was defined as 60 days after the Effective Date. Id. ¶ 36. In September 2021, Onni made the $7 million additional deposit to the escrow agent. Id. ¶ 37. Together, the $3 million initial deposit and the $7 million additional deposit were defined as the "Deposit." Id. ¶ 38.

Subject to extensions as provided for in Sections 4(b) and (c) of the Agreement, closing was to take place on the date that was 12 months after the expiration of the Due Diligence Period (the "Closing Date"). Id. ¶ 39. Pursuant to Section 4(b) of the Agreement, Onni had the option of two extensions to extend the Closing Date by eight months upon, among other things, delivering to the escrow agent an additional deposit of $10 million (each an "Extension Deposit") that was to become part of the Deposit and credited against the purchase price at the Closing. Id. ¶ 40. Pursuant to Section 4(b), Onni made two Extension Deposits to the escrow agent, totaling $20 million, and the Closing Date was extended to December 31, 2023. Id. ¶ 41.

The Agreement contains several disclaimers. Section 17(a), titled "No Reliance on Documents," states: "Except as expressly stated herein, Seller makes no representation or warranty as to the truth, accuracy or completeness of any materials, data or information delivered by Seller to Purchaser in connection with the transaction contemplated hereby… any reliance on or use of [them] by Purchaser shall be at the sole risk of Purchaser, except as otherwise expressly stated herein." Ex. A at 32. Specifically, Purchaser "shall not have any right to rely on [any environmental or other report with respect to the Premises]." Id. Additionally, Section 17(d), states, in pertinent part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

"PURCHASER'S PURCHASE OF THE ASSETS… PURSUANT TO THIS
AGREEMENT SHALL BE ON AN 'AS IS,' 'WHERE IS' BASIS…EXCEPT AS
EXPRESSLY PROVIDED IN THIS AGREEMENT, SELLER HAS NOT MADE,
DOES NOT MAKE AND SPECIFICALLY NEGATES AND DISCLAIMS ANY
REPRESENTATIONS, WARRANTIES, PROMISES, COVENANTS, AGREEMENTS
OR GUARANTIES… WITH RESPECT TO… THE SUITABILITY OF THE
PREMISES FOR ANY AND ALL ACTIVITIES AND USES WHICH PURCHASER
MAY CONDUCT THEREON." Id. at 33.

### E.    Premises Materials

Pursuant to Section 6 of the Agreement, during the Due Diligence Period, Onni
had the right to inspect the physical condition of the Property and conduct engineering,
environmental, and other studies of the Property.  FAC ¶ 43.  As part of the Due
Diligence Period, CA-Lats provided Onni plans and specifications for improvements for
the property, architectural and engineering reports, and a condition report for the
improvements (collectively, the "Premises Materials").  Id. ¶ 44.  Section 6(b) states:

Purchaser acknowledges and agrees that, in accordance with Section 17(a) herein
below, (1) any of the Premises Materials delivered by Seller to Purchaser shall be
for general informational purposes only, (2) Purchaser shall not have any right to
rely on any such Premises Materials, but rather will rely on its own inspections and
investigations of the Premises and any reports commissioned by Purchaser with
respect thereto, and (3) neither Seller, any affiliate of Seller nor the person or entity
which prepared any such report delivered by Seller to Purchaser shall have any
liability to Purchaser for any inaccuracy in or omission from any such Premises
Materials or in verbal communication.

Ex. A at 9.  In or around August 2021, Onni was provided with the Premises Materials,
which, along with the Offering Memorandum, indicated that the requirements of MTA
and other agencies had already been incorporated into the development project for the
Property.  FAC ¶ 45.  The Premises Materials contained several statements about the
redesign of the MTA station, including that the design and construction of the station as
shown on the conceptual design documents would "accommodate" the intended
redevelopment plan.  Id. ¶ 46.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

### F.   Alleged Misrepresentations and Termination

After the Due Diligence Period expired, Onni discovered numerous design-related items that were misrepresented and/or materially incomplete in the Offering Memorandum and Premises Materials. Id. ¶ 47. CA-Lats did not provide this information to Onni and Onni could not have reasonably discovered it during the Due Diligence Period. Id. For example, Onni discovered that the design of the MTA station required a "steel moment frame with side plate connections, BRB angled braces, and a 40" beam assembly over the portal." Id. ¶ 48. This significantly increased the cost of building the podium component and constituted a material change for the intended redevelopment of the Property. Id. Additionally, MTA's review process "took materially longer" than anticipated, in part due to the additional structural modeling demanded by MTA. Id. ¶ 49. Onni formally received the first MTA project comments in June 2022, and "just recently" before terminating the Agreement, MTA requested Onni to structurally model the entire station and complete a soil-structure interaction model. Id. The unanticipated costs to remedy the condition of the Property likely exceeded $20 million, alongside the costs of delays and additional borrowing. Id. ¶ 50.

Upon learning of these material differences, "it took Onni a significant amount of time" to assess their impact and determine the costs required to redevelop the Property in the manner that the parties had agreed upon. Id. ¶ 51. On December 29, 2023, two days prior to the Closing Date, Onni timely sent written notification to CA-Lats terminating the Agreement due to the misrepresentations. Id. ¶ 52. Onni demanded return of all consideration provided to CA-Lats, including, but not limited to, the $10 million Deposit and $20 million Extension Deposits. Id. Onni has also incurred millions of dollars in Transaction Costs. Id. ¶ 53. Defendants refused to recognize Onni's termination of the Agreement and refused to return Onni's $30 million in deposit money. Id. ¶ 54.

Meanwhile, in the summer of 2023, the City voted to develop the appurtenant vacant lot into housing for Los Angeles' homeless population, instead of a park. Id. ¶ 59. Onni states that the park would have attracted "its targeted, potential tenants" to the luxury, multifamily residential complex it intended to build on the Property, as marketed by Nexstar. Id. ¶ 60. However, the plans to create housing for the homeless had the "exact opposite effect," frustrating the purpose of the Agreement. Id. ¶¶ 60, 71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.   DISCUSSION**

CA-Lats argues that all of Onni's claims fail under Rule 12(b)(6), and that its negligent misrepresentation also fails under Rule 9(b).[1]  Mot. at 10-24.  The Court discusses each claim in turn.

**A.   Recission**

Onni offers two theories supporting its recission claim: (1) that defendants' misrepresentations caused Onni to consent to the Agreement by mistake; and (2) that defendants' misrepresentations and the City's decision to convert the planned park into housing for the homeless resulted in a failure of consideration and frustrated the purpose of the Agreement.  Opp. at 6.  CA-Lats argues that both of these theories fail.  Mot. at 10.

**1.   Mistaken Consent**

CA-Lats first argues that Onni fails to plead that the warranty in Section 7(a)(viii) of the Agreement was breached, because Onni does not allege that the Property was ever in violation of any legal requirement or that CA-Lats had written notice of uncured violations.[2]  Mot. at 11.  CA-Lats next argues that other provisions in the Agreement confirm that CA-Lats did not make any representations or warranties about future development of the Property.  Id.  Specifically, in Section 17(d), CA-Lats asserts that

---

[1] CA-Lats contends that because Onni alleges that Nexstar is liable only as CA-Lats' guarantor, Onni's claims against Nexstar fail for the same reasons as Onni's claims against CA-Lats.  Mot. at 5, n.1.

[2] The Court does not address this issue, as it appears that Onni does not allege a violation of Section 7(a)(viii), but rather, a violation of Section 7(a)(xiii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

Onni agreed to buy the Property "as is," and acknowledged that CA-Lats "has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guaranties… as to… the suitability of the premises for any and all activities and uses which [Onni] may conduct thereon." Id. at 12. Additionally, while Onni alleges that the misrepresentations were in the Offering Memorandum and Premises Materials, CA-Lats argues that it did not represent or warrant that any statements in those materials were accurate. Id. Further, CA-Lats asserts that Sections 6(b), 17(a), and 17(d) of the Agreement make clear that Onni cannot rely on such materials. Id. Moreover, even if Onni could allege that CA-Lats misrepresented or breached a warranty, CA-Lats argues that Onni failed to timely exercise its right to terminate the Agreement within the five-day window required by Section 7(a)(xiii). Id. at 13. CA-Lats contends that Onni learned of the alleged misrepresentations in at least June 2022, and did not act to terminate until December 29, 2023. Id. at 14.

In opposition, Onni argues that its recission claim is valid because material representations made by defendants caused Onni to consent to the Agreement by mistake. Opp. at 6. Onni states that the following five allegations in the FAC support its rescission claim based on consent by mistake: (i) defendants specifically marketed the Property as having entitlements for either a residential tower or an office tower for governmental use with unmatched access to public transit via the Regional Connector light-rail station; (ii) both parties understood that Onni's planned redevelopment was predicated on MTA's entitlements and requirements; (iii) defendants made specific representations in both the Offering Memorandum and Premises Materials that the Property, as it existed, was suitable for the planned redevelopment because the design had been coordinated with MTA and could be accommodated; (iv) those representations turned out to be false; and (v) had Onni known the true condition of the Property, it would not have consented to the Agreement, paid the deposits, and incurred transaction costs. Id. at 7.

Onni next argues that the misrepresentations were material. Id. at 8. Onni disputes that the representations were about requirements for a future development; rather, Onni argues that the representations were affirmations that the agreed-upon redevelopment plan had been approved and was capable of being implemented. Id. Additionally, Onni contends that the effectiveness of the disclaimers in the Agreement and the reasonableness of Onni's reliance are questions of fact. Id. at 9 (citing OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp., 157 Cal. App. 4th 835, 865 (2007), as modified (Dec. 26, 2007)). Onni analogizes its mistaken consent based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

defendants' negligent misrepresentation to a fraud in the inducement claim, and states that "[a] *per se* rule that a[]… no oral representations clause establishes, as a matter of law, that a party claiming fraud did not reasonably rely on representations not contained in the contract is inconsistent with California law." Id. (citing Hinesley v. Oakshade Town Ctr., 135 Cal. App. 4th 289, 301 (2005)). Furthermore, Onni argues that Section 7(a)(xiii) specifically provided that Onni could terminate the Agreement if any of the representations or warranties were untrue or incorrect, including disclosures made in the Premises Materials. Id. Onni also argues that the Agreement does not specifically disclaim representations made in the Offering Memorandum. Id. at 10.

Onni next disputes defendants' argument that it did not elect to terminate the Agreement within the required five-day window. Id. First, assuming *arguendo* that the five-day provision applies, Onni argues that whether and when it had "actual knowledge" of the untrue representations are factual questions. Id. Onni states that it took Onni significant time to assess the misrepresentations and the additional costs, and that MTA did not request that Onni structurally model the MTA station and complete a soil-structure interaction model until just before the closing. Id. at 11. Second, Onni argues that the five-day requirement provision is ambiguous, because it directly contradicts the preceding provisions in Section 7(a)(xii) providing that Onni has until "as of or prior to" closing to obtain actual knowledge of the untrue representations and the option to elect to terminate the Agreement with written notice "on or before" closing. Id.

In reply, CA-Lats restates its argument that Onni's claim for recission based on alleged misrepresentations is barred by multiple express provisions in the Agreement. Reply at 11-12. Further, CA-Lats argues that Onni relies on authority suggesting that disclaimers do not absolve a defendant from intentional fraud, whereas here, Onni alleges only negligent misrepresentation. Id. at 13-14. Finally, CA-Lats argues that in OCM, the disclaimers were vaguer than the disclaimers here, and that in Hinesley, the California Court of Appeal held that "as is" clauses, when used between two sophisticated commercial entities, generally prevent a mistake claim. Id. at 14. CA-Lats next contends that the Agreement does not allow for termination based on inaccuracies in the Premises Materials, which would directly contradict other provisions. Id. at 18. While the Premises Materials are referenced in Section 7(a)(xiii), CA-Lats asserts that they are "referenced solely to illustrate one way in which Onni might discover that a representation and warranty was false." Id. Lastly, CA-Lats restates its argument that Onni failed to terminate within the five-day window. Id. at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                              'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

A claim for rescission seeks to extinguish a contract. Cal. Civ. Code § 1688. A party may rescind a contract "[i]f the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689(b)(1). A mistake of fact includes a "[b]elief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed." Cal. Civ. Code § 1577. "Rescission for unilateral mistake is permissible under California law only 'where the other party knows of the mistake or caused the mistake' or 'where the effect of the mistake is such that enforcement of the contract would be unconscionable.'" Hamilton v. Marx, No. LACV10-07278-JAK-CWx, 2012 WL 12882368, at *11 (C.D. Cal. July 24, 2012) (citing Donovan v. RRL Corp., 26 Cal. 4th 261, 281 (2001), as modified (Sept. 12, 2001)). "Innocent misrepresentation, though not specifically enumerated as a ground for rescission under [] section 1689, has been held to be a type of mistake under subdivision (b)(1) of that section and hence a ground for rescission." Guthrie v. Times-Mirror Co., 51 Cal. App. 3d 879, 890 (1975).

Accepting plaintiff's allegations as true, the Court finds that Onni has adequately pled a claim for rescission based on mistaken consent, pursuant to defendants' alleged misrepresentations. Onni alleges that it consented to the Agreement because it made a unilateral mistake about the structural design of the Property, as well as its lack of entitlements and compliance with MTA requirements.[3] FAC ¶¶ 64, 67. Onni alleges that the mistake was material, as Onni's purpose in purchasing the Property was to redevelop it in the manner presented in the Offering Memorandum and Premises Materials, and Onni would not have consented to the Agreement if it had known the true condition of the Property. Id. ¶¶ 26-27, 66. Further, Onni alleges that defendants caused the mistake through their misrepresentations about the condition of the Property in the Offering Memorandum and Premises Materials. Id. ¶ 64.

The gravamen of defendants' argument is that Onni's claim for rescission based on mistaken consent is barred by express provisions in the Agreement. These include Section 17(d), stating "Purchaser acknowledges and agrees that all materials, data and information delivered by Seller to Purchaser in connection with the transaction

---

[3] "Entitlements" are referred to in the Agreement as the permits and applications for the development of the Property. Ex. A at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

contemplated hereby are provided to Purchaser as a convenience only and that any reliance on or use of such materials, data or information by Purchaser shall be at the sole risk of Purchaser, except as otherwise expressly stated herein," and the fully-capitalized Section 17(a), stating that the Property was purchased "as is" and that Seller disclaims any representations or warranties with respect to "the suitability of the premises for any and all activities and uses which Purchaser may conduct thereon." Ex. A at 32-35. Section 6(b) specifically disclaims any reliance by Purchaser on the Premises Materials, stating that they are "for general informational purposes," and that Seller shall not be liable to Purchaser for any inaccuracy or omission in them. Id. at 9.

"[T]he efficacy of disclaimers is assessed by reference to their context and specificity." OCM, 157 Cal. App. 4th at 858. While Section 6(b) specifically references the Premises Materials, it appears that no provision specifically disclaims reliance on the Offering Memorandum, other than the general disclaimers of "all materials" and "any representations." See Ex. A at 32-35. Accordingly, the Court finds that this matter is better decided on a motion for summary judgment, where it can examine a more complete record to assess the context and specificity of these provisions and their relation to the Offering Memorandum and Premises Materials. See, e.g., Resol. Tr. Co. v. Rowe, No. C 91-3968 BAC, 1993 WL 165303, at *3 (N.D. Cal. May 7, 1993) (examining disclaimers on a motion for summary judgment and deciding that, "[u]nder the facts of this case, no reasonable or rational trier of fact could determine that Mercury's alleged reliance [on the alleged misrepresentation] was reasonable."); OCM, 157 Cal. 4th at 867-68 (finding that, in light of the express invitation in the offering memorandum to base investment decisions on it, disclaimers as to the accuracy of the information in the offering memorandum did not defeat reliance); D.T. Woodard, Inc. v. Mail Boxes Etc., Inc., No. B228990, 2012 WL 90084, at *8 (Cal. Ct. App. Jan. 12, 2012) (reversing trial court's finding that disclaimers defeated plaintiff's claim of reliance on misrepresentations after reviewing documents provided to plaintiff).

Defendants also argue that authority suggesting that disclaimers do not absolve a defendant from intentional fraud is inapposite, as Onni alleges only that it relied on defendants' negligent misrepresentations, not on defendants' fraud. Reply at 13. However, given that both theories require reliance, the Court considers the authority relied upon by Onni. Furthermore, OCM specifically states that "even in [a] case of a mere negligent misrepresentation, a plaintiff is not barred [from establishing reliance on a disclaimer] unless his conduct, in the light of his own information and intelligence, is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

preposterous and irrational.  The effectiveness of disclaimers is assessed in light of these principles."  OCM, 157 Cal. App. 4th at 856 (internal citations omitted).

      2.    <u>Failure of Consideration and Frustration of Purpose</u>

CA-Lats argues that Onni's second theory of rescission fails because the doctrine of frustration only applies to a commercial party in "cases of extreme hardship."  Mot. at 15.  According to CA-Lats, Onni fails to plead that the risk of the park becoming "homeless housing" was not reasonably foreseeable and that the value of the contract was totally destroyed.  <u>Id.</u>  Further, for real estate transactions, CA-Lats contends that both parties' purposes must be frustrated, which did not occur here.  <u>Id.</u> at 16.

In opposition, Onni argues that it may rescind the contract if its consideration fails.  Opp. at 12.  Onni asserts that it agreed to pay $95 million to purchase the Property as consideration for the ability to redevelop it according to the represented design.  <u>Id.</u>  Accordingly, Onni argues that defendants are at fault for the failure of consideration, because of their misrepresentations.  <u>Id.</u>  When the misrepresentations are "coupled" with the City's changed plan for the adjacent parcel, Onni argues that its consideration became void.  <u>Id.</u>  Further, Onni argues that it has the right to immediately terminate the Agreement under the doctrine of frustration.  <u>Id.</u>  Onni asserts that the value of its performance and the purpose of the contract, as recognized by both parties, was destroyed by the unforeseen events of (i) the lack of MTA compliance and (ii) the City's abrupt reversal of its plans for the park.  <u>Id.</u> at 12-13.

In reply, CA-Lats argues that because Onni alleges that the Property could still have been developed in the manner that Onni envisioned, but for a higher cost than Onni expected, the Property's value was not totally or nearly totally destroyed.  Reply at 15.

Recission is available "[i]f the consideration for the obligation of the rescinding party fails, in whole or in part, through the fault of the party as to whom he rescinds," or "[i]f the consideration for the obligation of the rescinding party becomes entirely void from any cause."  Cal. Civ. Code § 1689(b)(2)-(3).  "Case law has uniformly held that a failure of consideration must be 'material,' or go to the 'essence' of the contract before rescission is appropriate."  <u>Wyler v. Feuer</u>, 85 Cal. App. 3d 392, 403–04 (1978).

Here, Onni argues that it paid $95 million in consideration for a Property that was (i) compliant with MTA's requirements for the intended redevelopment, and (ii) located

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

across the street from a future public park. FAC ¶¶ 26-27, 57. As for the former, Onni asserts that its consideration failed through the fault of defendants, as defendants misrepresented the conditions of the Property, which did not comply with MTA's requirements. As to the latter, Onni alleges that its consideration became void when the City changed its plans for the vacant lot across the street, which frustrated the purpose of the entire Agreement. See Dorn v. Goetz, 85 Cal. App. 2d 407, 410–11 (1948) (explaining that frustration of purpose "operate[s]… as a failure of consideration for the promise of the other party, not in a literal sense… since the performance bargained for can be given, but in substance, because the performance has lost its value."). While defendants argue that, as a matter of law, Onni cannot establish failure of consideration or frustration of purpose, the Court finds that these are factual issues, better decided on a motion for summary judgment. See also Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc., 822 F.2d 833, 840 (9th Cir. 1987) (finding that whether failure of consideration is "deemed material" and thus "warrant[s] rescission of a contract is a question of fact"). Accordingly, the Court denies defendants' motion to dismiss Onni's recision claim, either based on mistaken consent or failure of consideration.

### B.    Unjust Enrichment

CA-Lats argues that Onni's unjust enrichment claim must be dismissed because it "cannot lie where there exists… a contract covering the same subject matter," and Onni does not dispute that a valid contract governs this dispute. Mot. at 17.

In opposition, Onni argues that the existence of the Agreement does not bar its unjust enrichment claim, because Onni also brings a claim for conversion. Opp. at 14. Because defendants have retained Onni's $30 million in deposit money and kept the Property, Onni contends that its request for quasi-contractual relief is warranted. Id. In reply, CA-Lats restates its arguments.

Although unjust enrichment is not an independent claim under California law, federal courts often construe unjust enrichment claims as equitable claims under a quasi-contract theory. See Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015). The Court finds that Onni's unjust enrichment claim is not precluded by the existence of the Agreement. The Court construes Onni's unjust enrichment claim as an alternative theory of recovery, which plaintiff is entitled to plead at this stage. See Anderson v. Edward D. Jones & Co., L.P., 990 F.3d 692, 701 (9th Cir. 2021) ("In light of the liberal pleading policy embodied in [Federal Rule of Civil Procedure 8(e)], ... a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case, at least at the initial pleading stage.") (citations and quotations omitted).  Accordingly, the Court denies defendants' motion to dismiss Onni's unjust enrichment claim.

### C.     Breach of Fiduciary Duty

CA-Lats argues that Onni's breach of fiduciary duty claim fails because Onni does not plead the existence of a fiduciary duty.  Mot. at 17.  CA-Lats contends that courts are reluctant to expand fiduciary duties to ordinary commercial contractual relationships and do not impose them on buyers and sellers of real property.  Id. at 18.

In opposition, Onni argues that defendants can be charged with a fiduciary duty by knowingly undertaking to act on behalf and for the benefit of another.  Opp. at 14.  Onni argues that defendants can be charged with a fiduciary duty here because they (i) knowingly undertook the duty of conveying information about the Property that they knew Onni was relying on and had no ability to obtain on its own, similar to the fiduciary duty owed by real estate brokers; or (ii) knowingly undertook the obligation to accept the $30 million from Onni in deposit money and potentially refund that money in the event of termination, similar to the fiduciary duty owed by an escrow agent.  Id. at 14-15.

In reply, CA-Lats argues that in the cases relied upon by Onni, there was express language in the contract creating a fiduciary duty, unlike here.  Reply at 21.  CA-Lats also argues that it did not act as a real estate broker or escrow agent, and that Onni was not its client.  Id. at 22.

The elements of a breach of fiduciary duty claim are: "1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage."  Pellegrini v. Weiss, 165 Cal. App. 4th 515, 524 (2008).  "In the commercial context, traditional examples of fiduciary relationships include those of trustee/beneficiary, corporate directors and majority shareholders, business partners, joint adventurers, and agent/principal," where the fiduciary has a duty of undivided loyalty toward its beneficiary.  Gilman v. Dalby, 176 Cal. App. 4th 606, 614 (2009).  Here, the Court finds that the only relationship alleged between Onni and CA-Lats is that of buyer and seller, which is "not one in which a fiduciary relationship is ordinarily recognized."  See Reiser v. Marriott Vacations Worldwide Corp., No. 2:16-CV-00237-MCE-CKD, 2016 WL 1720741, at *7 (E.D. Cal. Apr. 29, 2016) (dismissing breach of fiduciary duty claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                     'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

because no duty existed between defendants, who were developers and sellers of real property, and plaintiffs, who were buyers of real property). See also Martinez v. Welk Grp., Inc., 907 F. Supp. 2d 1123, 1133 (S.D. Cal. 2012) ("[T]he relationship of seller to buyer is not one ordinarily vested with fiduciary obligation"). Because Onni has not pled facts extending beyond the traditional buyer/seller relationship, its claim for breach of fiduciary duty fails.

### D.    Negligent Misrepresentation

CA-Lats argues that Onni's claim for negligent misrepresentation fails for four reasons. Mot. at 19. First, CA-Lats contends that Onni has not satisfied Rule 9(b), because it does not specifically identify what statements about the Property were false or misleading. Id. at 19-20. Second, CA-Lats contends that Onni has not alleged reliance on a misrepresentation of a *past or existing* material fact, because Onni alleges that CA-Lats' representations became false after they were made, when MTA issued comments in June 2022. Id. CA-Lats argues that Onni then exercised two options to extend the closing period of the sale in August 2022 and March 2023, and thus could not have relied on alleged misrepresentations from over a year earlier. Id. at 21. Third, CA-Lats asserts that Onni cannot plead justifiable reliance, because the express terms of the Agreement contradict the alleged false representation. Id. at 21. Fourth, CA-Lats argues that Onni's claim is barred by the economic loss rule, because Onni cannot recover in tort when the allegedly negligent conduct is "conceptually indistinct from a contract breach." Id. at 22.

In opposition, Onni first argues that Rule 9(b) is inapplicable. Opp. at 15. Onni relies on Petersen, which noted that "the tide of precedent is turning" to the application of Rule 8 in these circumstances. Id. (citing Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 417 (C.D. Cal. 2012)). Even if Rule 9(b) applies, Onni argues that it has been satisfied, as the FAC details specific misrepresentations in the Offering Memorandum, received on or around December 30, 2019, and the Premises Materials, received in or around August 2021. Id. at 16. Onni argues that it also specifically identified previously unknown and undisclosed MTA design changes. Id. Second, Onni argues that it has adequately pled reliance, as it alleges that defendants materially misrepresented the design of the redevelopment as being compliant with and approved by MTA. Id. Third, Onni argues that it has adequately pled justifiable reliance, for the same reasons set forth in support of its recission claim. Id. Further, Onni contends that a general non-reliance disclaimer cannot by itself dispose of a plaintiff's reliance allegations. Id. Fourth, Onni

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

asserts that the economic loss rule does not bar actions for negligent misrepresentation when the plaintiff was induced into entering a contract. Id. at 17.

In reply, CA-Lats argues that the "most recent" trend is to apply Rule 9(b) to negligent misrepresentation claims, pursuant to which the FAC fails. Reply at 22. CA-Lats then restates the other arguments from its motion. Id. at 24-27.

The Court finds that Onni's claim for negligent misrepresentation is barred by the economic loss rule. "A breach of contract is tortious only when some independent duty arising from tort law is violated." Erlich v. Menezes, 21 Cal. 4th 543, 554 (1999). Otherwise, the economic loss rule often precludes a party from bringing both contract and tort claims predicated upon the same conduct. The economic loss rule bars tort claims in contract disputes "unless [the party bringing the claim] can demonstrate harm above and beyond a broken contractual promise." Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 988 (2004). Thus, the economic loss rule prevents contract and tort law from "dissolving one into the other" by limiting recovery for breach of a commercial contract to contract damages. Id. Here, Onni does not plead "harm above and beyond a broken contractual promise." It seeks the damages that it is owed under the contract, and as a result, the economic loss rule applies.

While Robinson permitted a claim for fraud, Onni does not assert a fraud claim. Furthermore, the Robinson court emphasized that its holding was "narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss." Robinson, 34 Cal. 4th at 988. Robinson also appears limited to product liability cases. See JMP Sec. LLP v. Altair Nanotechnologies Inc., 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) ("this Court, like others in California, doubts that Robinson Helicopter has any application outside the products liability context in which it was decided"). While Onni argues that Steiner v. Vi-Jon Inc., 723 F. Supp. 3d 784, 796 (N.D. Cal. 2024) and Young v. Neurobrands, LLC, No. C 18-05907 JSW, 2019 WL 13247942, at *6 (N.D. Cal. Feb. 19, 2019) support its position, both of these cases fall into Robinson's exception for product liability cases. Accordingly, the Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

Onni's claim for negligent misrepresentation is barred by the economic loss rule.  The Court does not reach the parties' other arguments on this issue.[4]

### E.     Breach of Contract

Because Onni's breach of contract claim is based on the same allegations that support its recission claim, CA-Lats argues that it should be dismissed for the same reasons.  Mot. at 23.  Specifically as to the alleged breach, CA-Lats argues that the language of Section 7(a)(xiii) does not enable Onni to elect to terminate the Agreement based on alleged inaccuracies in the Offering Memorandum and Premises Materials.  Reply at 18.  Rather, CA-Lats argues that Section 7(a)(xiii) only enables Onni to elect to terminate based on inaccuracies in CA-Lats' "representations and warranties," i.e., the specific representations and warranties listed in Section 7 of the Agreement.  Id.  Furthermore, CA-Lats argues that any misrepresentation claim based on inaccuracies in the Offering Memorandum and Premises Materials is explicitly barred by other provisions in the Agreement, which disclaim any reliance by Onni on those materials.

---

[4] At oral argument, defendants asserted that Rule 9(b) applies not only to plaintiff's negligent misrepresentation claim, but also to the first theory of its recission claim, which is based on mistake.  However, the Court finds that Rule 9(b) is relaxed when fraud or mistake is alleged between the parties to the instant action.  See Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) ("This court has held that the general rule that allegations of fraud based on information and belief do not satisfy Rule 9(b) may be relaxed with respect to matters within the opposing party's knowledge.").  Accordingly, the Court finds that plaintiff's recission claim is sufficient, as it meets the "relaxed" standard of Rule 9(b) imposed here, because plaintiff alleges mistake in matters within defendants' knowledge.  Moreover, the Court finds the reasoning in Petersen persuasive, which described the application of Rule 9(b) to claims of negligent misrepresentation under California law as "contrary to both the express language and policy of [the Rule]."  Petersen, 281 F.R.D. at 417.  This is because the Rule was designed to protect defendants from "slander regarding… *intentional* malfeasance."  Id. at 418.  See also Woods v. Davol, Inc., No. 16-CV-02616-KJM-CKD, 2017 WL 3421973, at *7 (E.D. Cal. Aug. 9, 2017) (collecting cases and finding that "[m]any courts have adopted Petersen's reasoning and applied Rule 8 to a negligent misrepresentation claim.").  Accordingly, the Court finds that, if plaintiff's negligent misrepresentation claim were not barred by the economic loss rule, it would be sufficient under Rule 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                          'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

Mot. at 12-13.  Even if such a claim were permitted, CA-Lats argues that Onni failed to terminate within the required five-day window.  Id. at 13-14.  Additionally, CA-Lats contends that the unspecified damages sought by Onni in its breach of contract claim would only be recoverable if Onni had performed on the contract.  Id. at 24.

In opposition, Onni contends that the same arguments in support of its recission claim apply here.  Opp. at 17.  Additionally, Onni asserts that it did not have to pay the full purchase price to recover, because defendants' breach occurred prior to closing, when defendants refused to return Onni's $30 million in deposit money after Onni properly terminated the Agreement pursuant to Section 7(a)(xiii).  Id. at 18.

In reply, CA-Lats argues that Onni's breach of contract damages are only barred to the extent that they exceed the $30 million in deposit money and any transaction costs permissible under the Agreement.  Reply at 28.

A breach of contract claim requires four elements: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).  The Court finds that Onni has adequately pled a breach of contract claim, based on the same allegations in its recission claim.  Onni alleges that the Agreement was a valid and enforceable contract.  FAC ¶ 94.  Onni further alleges that CA-Lats breached Section 7(a)(xiii) of the Agreement when it refused to return its deposit after Onni timely elected to terminate the Agreement.  Id. ¶ 97.  Onni alleges that: (i) CA-Lats' representations and warranties about Onni's ability to develop the Property—specifically, that MTA's requirements and requirements of other agencies were already incorporated into the redevelopment plan—were untrue or incorrect when made; and (ii) that Onni had actual knowledge of the alleged falsities as of or prior to the Closing Date.  Id.

The gravamen of defendants' first argument is that Section 7(a)(xiii) unambiguously states that only inaccuracies made in CA-Lats' representations and warranties—specifically the representations and warranties listed in Section 7—create the right to terminate the Agreement.  Therefore, according to defendants, any alleged inaccuracies in the Offering Memorandum and Premises Materials do not create the right to terminate, because they are not "representations and warranties" listed in Section 7. Further, defendants assert that other provisions specifically disclaim reliance on these materials.  Onni, on the other hand, argues that it had the right to terminate the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|----------|------------------------|--|------|-------------------|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

Agreement because of inaccuracies in the Premises Materials themselves, pursuant to the reference to the Premises Materials in Section 7(a)(xiii). Defendants respond that the reference to the Premises Materials in Section 7(a)(xiii) is "solely to illustrate one way in which Onni might discover that a representation and warranty was false." Reply at 18.

The Court finds that this issue is better decided on a motion for summary judgment, where it will have a more complete record before it. "California recognizes two forms of ambiguity: patent and latent. Patent ambiguity appears on the face of the text itself while latent ambiguity arises from extrinsic evidence that casts doubt on the plain meaning of the text." State Farm Life Ins. Co. v. Brockett, 737 F. Supp. 2d 1146, 1152 (E.D. Cal. 2010). Furthermore, "California has a liberal parol evidence rule: It permits consideration of extrinsic evidence to explain the meaning of the terms of a contract even when the meaning appears unambiguous." Foad Consulting Grp., Inc. v. Azzalino, 270 F.3d 821, 826 (9th Cir. 2001). Accordingly, even if the Court were to find that Section 7(a)(xiii) did not contain a patent ambiguity, the Court may consider extrinsic evidence on a motion for summary judgment to determine if a latent ambiguity exists in the Agreement. Because an evidentiary hearing is needed to rule on potential ambiguities in Section 7, and facts must be considered to determine if the disclaimers are effective, see Part IV(A)(1), the Court cannot dismiss Onni's breach of contract claim at this juncture.

The gravamen of defendants' second argument is that, even if inaccuracies in the Offering Memorandum and Premises Materials give rise to the right to terminate the Agreement, Onni waived this right by failing to terminate within five days of learning of the misrepresentation. The Court acknowledges that Onni does not specifically allege that it obtained actual knowledge of the alleged falsities less than five days before December 29, 2023, the date it elected to terminate the Agreement. However, Onni alleges that it learned of additional structural modeling requests from MTA "recently" before the Closing Date, which was scheduled for December 31, 2023. Id. ¶ 49. Because the date on which Onni became aware of the alleged misrepresentations is a factual question, the Court cannot dismiss this claim as a matter of law. Making reasonable inferences in plaintiff's favor, the Court finds that Onni has sufficiently pled a breach of Section 7 by CA-Lats, i.e., that CA-Lats breached by refusing to promptly refund Onni's $30 million in deposit money and Transaction Costs after Onni timely elected to terminate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-08076-CAS-SSCx | | Date | February 24, 2025 |
|---|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | | |

Finally, Onni alleges that it suffered damages when it lost its $30 million in deposit money, plus Transaction Costs. FAC ¶¶ 97-98. Because Onni does not appear to seek damages in excess of its $30 million in deposit money and Transaction Costs, and because CA-Lats states that its argument regarding damages is now moot, the Court does not reach this issue. See Opp. at 18; Reply at 28.

### F.    Conversion

CA-Lats argues that Onni's conversion claim fails because Onni's alleged right to reimbursement is insufficient to constitute a tangible property right. Mot. at 24. Additionally, CA-Lots contends that because Onni's claim arises out of a contract, it is barred by the economic loss rule. Id. at 25.

In opposition, Onni argues that an action for conversion of money is permitted when a defendant has misappropriated or misapplied specific funds held for the benefit of others. Opp. at 18-19. Onni argues that conversion occurred here when defendants refused to return the $30 million in deposit money that belonged to Onni after the Agreement had been terminated. Id. at 18-19. In reply, CA-Lats restates its arguments and distinguishes the case law relied upon by Onni. Reply at 28-29.

The Court finds that Onni's conversion claim is precluded by the economic loss rule, for the same reasons as Onni's negligent misrepresentation claim. Onni has not demonstrated "harm above and beyond a broken contractual promise," which precludes it from bringing both contract and tort claims predicated upon the same conduct. See Robinson, 102 P.3d at 272. See also Baggett v. Hewlett-Packard Co, No. SACV 07-0667-AGR-NBx, 2009 WL 3178066, at *3 (C.D. Cal. Sept. 29, 2009) (finding that the economic loss rule barred plaintiff's claim for conversion when plaintiff's claim arose solely out of his contract and commercial transaction with defendant). Moreover, "the simple failure to pay money owed does not constitute conversion. Were it otherwise, the tort of conversion would swallow the significant category of contract claims that are based on the failure to satisfy mere contractual right[s] of payment." Voris v. Lampert, 7 Cal. 5th 1141, 1151–52 (2019) (citations and quotations omitted). Accordingly, the Court finds that dismissal of Onni's conversion claim is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:24-cv-08076-CAS-SSCx | Date | February 24, 2025 |
|---|---|---|---|
| Title | Onni Capital, LLC v. Nexstar Media Group, Inc. et al | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion to dismiss.  The Court **GRANTS** the motion to the extent it requests dismissal of plaintiff's third, fourth, and sixth claims, without prejudice.  The Court **DENIES** the motion to the extent it requests dismissal of plaintiff's first, second, and fifth claims.  The Court **GRANTS** plaintiff leave to amend its FAC and directs plaintiff to file a second amended complaint no later than March 17, 2025.

IT IS SO ORDERED.

| | 00 | : | 23 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |